IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE COCA-COLA COMPANY, § <br> a Delaware Corporation, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> PEPSICO, INC., a North Carolina § <br> Corporation, § <br> § <br> Defendant. § | CIVIL ACTION NO. _____ <br><br> JURY |

**PLAINTIFF'S COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

Plaintiff The Coca-Cola Company ("TCCC") alleges as follows:

1. This action arises from PepsiCo, Inc.'s ("PepsiCo") recent launch of its Trop50 line of juice beverages in packaging that is likely to deceive consumers and dilute the distinctive quality of TCCC's well-known and unique packaging trade dress for its Simply family of juice products. By copying the Simply brand's packaging trade dress with its distinctively shaped iconic green closure and carafe-style container, PepsiCo is infringing TCCC's federal trade dress rights and a United States design patent for the closure, and is also violating Texas and Georgia state anti-dilution law. TCCC seeks preliminary and permanent injunctive relief and damages as set forth below.

**I.    JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the federal law claims under 35 U.S.C. § 271 *et. seq.* and 15 U.S.C. § 1051 *et. seq.*, pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because defendant has infringed and continues to infringe the subject design patent in this judicial district, has committed and continues to commit tortious acts in this judicial district, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.

## II. THE PARTIES

4. TCCC is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business at One Coca-Cola Plaza, Atlanta, Georgia. TCCC's "Simply" - family of juice products is owned and managed by the Minute Maid Business Unit, a division of TCCC located in Sugar Land, Texas.

5. TCCC is informed and believes that PepsiCo is a corporation duly organized and existing under the laws of the State of North Carolina and is headquartered at 700 Anderson Hill Road, Purchase, New York. TCCC is informed and believes that PepsiCo's Trop50 line of juice beverages is owned and managed by Tropicana Inc., a division of PepsiCo located in Chicago, Illinois. TCCC is informed and believes that PepsiCo regularly conducts and solicits business in the State of Texas.

## III. TCCC'S SIMPLY FAMILY OF JUICE PRODUCTS

6. In 2001, TCCC introduced a not-from-concentrate 100% orange juice under the brand name Simply Orange® in a 59 oz. carafe. Since then, due to the success and growing popularity of the Simply Orange® products, TCCC has expanded its Simply family of one hundred percent juice products to include Simply Grapefruit®, Simply Apple®, Simply Orange® blends and varieties, as well as Simply Lemonade®, Simply Lemonade® with raspberry, and Simply Limeade® juice drinks ("the Simply Family"). The Simply Family has been an immensely successful product line. Total estimated sales revenues at the point of purchase have grown each year since its inception, with an average annual growth rate of approximately 60%. From 2001 to 2005, estimated sales revenues from Simply Orange® products exceeded $650 million. After expanding into other flavors and varieties, revenues from

the Simply Family of products exceeded $2.4 billion from 2006 to 2009. Thus, from 2001 through 2009, consumers spent more than $3 billion in the purchase of Simply juice products in the United States. In 2010 alone, it is estimated that over $1 billion worth of Simply juice products will be sold by retailers in the United States.

7. The Simply Family of products are packaged in 13.5 oz., 59 oz. and 89 oz. sizes, in unique and stylish carafe-style clear plastic bottles with a highly decorative and distinctive eye-catching, over-sized dark green closure (the "Simply Closure"). The distinctive Simply Closure is one of a kind for juice beverages, and is used for all of the Simply juice varieties and package sizes, which gives the Simply Family a unique integrated appearance:



8. The Simply Family is usually merchandized in grocery stores in groups of several different varieties, with the unique bottle shape and decorative and oversized green closure contributing to a consistent presentation across flavors and sizes that catches consumers' attention:



 

9. The overall design and appearance of the Simply packaging, with the Simply Closure, is inherently distinctive and non-functional and serves as an indicator of origin for TCCC's Simply Family of juice products ("Simply Trade Dress").

10. TCCC has spent over $160 million in direct marketing for its Simply Family of juice products, including nationally run television commercials, print advertisements in widely circulated magazines and newspapers, on the Internet, on billboards and other "out-of-home" advertisements, newspaper circulars, coupons, and in-store point of sale advertisements. For example, the Simply Trade Dress has been featured in television commercials during popular shows such as *American Idol*, coverage of the *Olympic Games*, *The Today Show*, and *Good Morning America*. The Simply Trade Dress has also been featured in widely read magazines and newspapers such as *Better Homes & Gardens*, *The Oprah Magazine*, and *USA Today*. As a result of TCCC's wide-spread sales and marketing efforts, the Simply Trade Dress is well-recognized by consumers, and has acquired secondary meaning as an indicator of origin for TCCC's Simply Family of juice products. The Simply Trade Dress has come to proclaim, represent and symbolize the outstanding quality of TCCC's products and enjoys substantial goodwill among consumers.

11. TCCC's new and original design for the Simply Closure has been awarded United States Patent No. D442,089 ("the '089 Patent"), which was duly and lawfully issued by the

United States Patent and Trademark Office and assigned to TCCC on May 15, 2001. Attached hereto as Exhibit "A" is a true and correct copy of the '089 Patent.

12. In order to protect its intellectual property, TCCC has diligently enforced its rights in the Simply Trade Dress and design patents against competitors who attempt to use confusingly similar packaging for juice products. TCCC's policing efforts are necessary to ensure that its Simply Trade Dress remains unique and highly distinctive and not copied and diluted by competitors.

### IV. PEPSICO'S NEW TROP50 BOTTLE WITH OVERSIZED GREEN CLOSURE

13. PepsiCo manufactures, advertises and sells a line of low calorie juice beverages containing a stevia-based sweetener under the brand name "Trop50." Unlike the Simply products, Trop50 juice beverages do not contain one hundred percent juice. Rather, they contain a combination of filtered water, 42% juice, and other ingredients. PepsiCo originally introduced Trop50 in or about April 2009, using a 59 oz. "gable top" generic carton:



14. On or about August 20, 2010, PepsiCo launched a new bottle design for its Trop50 line of juice beverages. The new Trop50 bottle is a clear plastic 59 oz. carafe-style bottle with an oversized green closure ("the New Trop50 Bottle With Oversized Green Closure"):





15.     As shown above, PepsiCo is using the same bottle shape and oversized green closure ("Trop50 Closure") for each of its varieties of Trop50 juice drink (orange with pulp, orange without pulp, apple, pineapple mango, and pomegranate blueberry), just as TCCC uses the same Simply Closure for every variety of the Simply Family. The Trop50 Closure, to the ordinary observer, looks like and is likely to be mistaken for, the patented Simply Closure.

16.     The New Trop50 Bottle incorporates a carafe-styled bottle shape and overall appearance that is confusingly similar to, and an oversized green closure and tapered neck that is nearly identical to, the Simply Trade Dress. The New Trop50 Bottle With Oversized Green Closure is virtually indistinguishable from the Simply Trade Dress when the labels are obscured






as can often occur at the store or in a post-sale setting:




17. The New Trop50 Bottle With Oversized Green Closure is advertised and sold by PepsiCo in the same marketing channels, stores, and shelves as the Simply Family of juice products.



PepsiCo is even using a shelf model for its New Trop50 Bottle to advertise its product, that has appeared directly in front of the Simply brand, as follows:



18. TCCC is informed and believes that PepsiCo designed the New Trop50 Bottle With Oversized Green Closure with knowledge of the Simply Trade Dress and with the intent to copy such Trade Dress and obtain consumer recognition and interest based upon the success and reputation of the Simply Family of products.

19. PepsiCo's advertising and sale of the New Trop50 Bottle With Oversized Green Closure is likely to cause initial interest, point of purchase, and/or post sale confusion, mistake, and/or deception to customers and potential customers that the Trop50 line of beverage products originate from the maker of the Simply Family of products, or that the Trop50 line of beverage products is affiliated with, sold with the permission of, or approved, sponsored, or licensed by the maker of the Simply Family of products.

20. PepsiCo's use of the New Trop50 Bottle With Oversized Green Closure and/or the Trop50 Closure trades on the goodwill TCCC has established in the Simply Trade Dress, and places the valuable reputation of the Simply Family of products in the hands of a third party over whom TCCC has no control.

## FIRST CAUSE OF ACTION
## TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT
## (15 U.S.C. § 1125)

21. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 20 above.

22. PepsiCo's conduct described above constitutes infringement of TCCC's rights in the Simply Trade Dress and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

23. TCCC is informed and believes that PepsiCo's infringement of the Simply Trade Dress has been willful.

24. TCCC has been and will continue to be irreparably harmed and damaged by PepsiCo's conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

## SECOND CAUSE OF ACTION
## VIOLATION OF TEXAS ANTI-DILUTION LAW

25. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 20 above.

26. PepsiCo's conduct described above is likely to injure TCCC's business and/or dilute the distinctive quality of TCCC's Simply Trade Dress in violation of Tex. Bus. & Com. Code § 16.29.

27. TCCC is informed and believes that PepsiCo's violation of the Texas Anti-Dilution Statute has been willful.

28. TCCC has been and will continue to be irreparably harmed and damaged by PepsiCo's conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

## THIRD CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION

29. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 20 above.

30. PepsiCo's acts described above trade upon the goodwill established by TCCC in the Simply Trade Dress and constitute unfair competition under the common law of the State of Texas.

31. TCCC is informed and believes that PepsiCo's acts of unfair competition have been willful.

32. PepsiCo has been unjustly enriched by its acts of unfair competition.

33. TCCC has been and will continue to be irreparably harmed and damaged by PepsiCo's conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

## FOURTH CAUSE OF ACTION
## INFRINGEMENT OF '089 PATENT
## (35 U.S.C. § 271)

34. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 20 above.

35. Through the conduct described above, PepsiCo has infringed and continues to infringe the '089 Patent by making, using, selling and/or offering for sale the Trop50 Closure in connection with its sale of Trop50 juice drinks.

36. TCCC is informed and believes that PepsiCo's infringement of the '089 Patent has been willful.

37. TCCC has been and will continue to be irreparably harmed and damaged by PepsiCo's conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

### FIFTH CAUSE OF ACTION
### VIOLATION OF GEORGIA ANTI-DILUTION LAW

38. TCCC incorporates as if fully set forth herein the allegations of Paragraphs 1 through 20 above.

39. PepsiCo's conduct described above is likely to injure TCCC's business and/or dilute the distinctive quality of TCCC's Simply Trade Dress in violation of O.C.G.A. § 10-1-451(b).

40. TCCC has been and will continue to be irreparably harmed and damaged by PepsiCo's conduct, and TCCC lacks an adequate remedy at law to compensate for this harm and damage.

WHEREFORE, TCCC prays for entry of an order and judgment that:

1. Defendant has infringed the Simply Trade Dress in violation of 15 U.S.C § 1125;

2. Defendant is in violation of Tex. Bus. & Com. Code § 16.29 and O.C.G.A. § 10-1-451;

3. Defendant has infringed the '089 Patent in violation of 35 U.S.C. § 271;

4. Defendant and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from infringing the Simply Trade Dress by, among other things, using the New Trop50 Bottle With Oversized Green Closure or any other bottle with a closure that is likely to cause confusion as to whether Defendant's beverages originate from the

same source as the Simply Family of juice products, or as to an association, affiliation or connection between Defendant and the source of the Simply Family of juice products;

5. Defendant and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from using the New Trop50 Bottle With Oversized Green Closure or any other bottle with a closure that is likely to dilute the distinctive quality of the Simply Trade Dress;

6. Defendant and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from further acts that infringe TCCC's rights in the '089 Patent by, among other things, making, having made, using and/or selling the Trop50 Closure, regardless of color, or any other closure that infringes the '089 Patent;

7. Defendant, pursuant to 15 U.S.C. § 1116(a), shall file with this Court and serve upon TCCC within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

8. Defendant, pursuant to 15 U.S.C. § 1118, shall deliver up for destruction, or show proof of said destruction or sufficient modification to eliminate all products, displays, molds, promotional items or other matter in the possession, custody or control of Defendant bearing or embodying the New Trop50 Bottle With Oversized Green Closure and the Trop50 Closure;

9. TCCC be awarded Defendant's profits derived from its infringing acts pursuant to 35 U.S.C. § 289 and 15 U.S.C. § 1117;

10. TCCC be awarded damages to compensate TCCC for Defendant's infringing acts pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 1117, increased up to three times as provided by applicable law;

11. TCCC be awarded punitive damages;

12. TCCC be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117; and,

13. A judgment granting TCCC such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.


Dated: October 28, 2010                              Respectfully submitted,


/s/ Steven M. Zager
Steven M. Zager, Attorney-In-Charge
Texas Bar No. 22241500
S.D. Tex. Bar No. 2014
szager@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: 212.872.1037
Facsimile: 212.872.1002

**Attorney for Plaintiff
THE COCA-COLA COMPANY**

*OF COUNSEL*:

Michael Simons
  msimons@akingump.com
Texas Bar No. 24008042
S.D. Tex. Bar No. 23005
AKIN GUMP STRAUSS HAUER & FELD LLP
300 West 6th Street, Suite 2100
Austin, Texas 78701
Telephone: 512.499.6200
Facsimile:  512.499.6290

James R. Wetwiska
  jwetwiska@akingump.com
Texas Bar No. 00785223
S.D. Tex. Bar No. 18089
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th floor
Houston, Texas 77002
Telephone: 713.220.5800
Facsimile:  713.236.0822

Karol A. Kepchar
  kkepchar@akingump.com
D.C. Bar No. 491701
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
Telephone: 202.887.4000
Facsimile:  202.887.4288

Russell S. Bonds
Litigation Counsel
Michael J. Kline
Senior Patent Counsel
THE COCA-COLA COMPANY
One Coca-Cola Plaza
Atlanta, Georgia 30313

**Attorneys for Plaintiff**
**THE COCA-COLA COMPANY**